UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEVATION POINT 2 INC. dba ELEVATION HEALTH PARTNERS, a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>STELLA GUKASYAN, an individual; MARC NELLES, an individual,<br><br>        Defendants. | Case No.: 21-cv-00281-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion to Dismiss the First Amended Complaint (ECF No. 20) filed by Defendants Stella Gukasyan and Marc Nelles.

**I. PROCEDURAL BACKGROUND**

  On February 16, 2021, Plaintiff Elevation Point 2 Inc. dba Elevation Health Partners ("EHP") filed a Complaint against Defendants Stella Gukasyan and Marc Nelles. (ECF No. 1). The Complaint alleged that Defendants conspired to delete data and programs owned by EHP and contained on a computer issued to Gukasyan after EHP notified Gukasyan that her employment would be terminated. The Complaint brought a single

federal claim—violation of the Consumer Fraud and Abuse Act of 1986 ("CFAA"), 18 U.S.C. § 1030—as well as several claims under California state law.

On March 16, 2021, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5). On May 28, 2021, the Court issued an Order granting the Motion to Dismiss on the basis that the Complaint failed to "identify any subsection of the CFAA allegedly violated by Defendants" and that the exercise of supplemental jurisdiction over the remaining state law claims was inappropriate. (ECF No. 9 at 5-6).

On July 8, 2021, EHP filed a Motion for Leave to File an Amended Complaint. (ECF No. 13). On August 31, 2021, the Court issued an Order granting the motion. (ECF No. 18). On September 3, 2021, EHP filed the First Amended Complaint ("FAC"). (ECF No. 19).

On September 16, 2021, Defendants filed a Motion to Dismiss the FAC. (ECF No. 20). On October 8, 2021, EHP filed an Opposition in response to the Motion to Dismiss. (ECF No. 21). On October 18, 2021, Defendants filed a Reply. (ECF No. 22). On October 22, 2021, EHP filed an Objection to Reply and Extrinsic Evidence. (ECF No. 23).

## II. ALLEGATIONS IN THE FAC

Plaintiff EHP is a health care consulting company that "contract[s] with health care providers and organizations to improve the quality of their services and standards of care . . . ." (ECF No. 19 ¶ 10). Defendant Gukasyan was employed by EHP to conduct research, consulting, and coaching. Gukasyan was "issued a laptop computer to assist her in performing her job duties" that was utilized "to conduct interstate or foreign commerce via connection to the internet." (*Id.* ¶¶ 13-14). The computer's hard drive contained "numerous sensitive files and data belonging to [EHP]," including client lists and contact information, research, scripts, exercises, trainings, and other work product. (*Id.* ¶ 14). Gukasyan "expressly agreed in writing that all work performed, and work product created as an employee of [EHP], belonged to the company." (*Id.* ¶ 41).

"On or around September 18, 2019, [ ] Gukasyan was informed that she would be terminated as of September 27, 2019." (*Id.* ¶ 15). EHP notified Gukasyan that "she was not authorized to copy, delete or otherwise tamper with electronic information belonging to [EHP]." (*Id.*). "On or about September 23, 2019, [ ] Gukasyan informed [EHP] that she was taking a permanent medical leave of absence, effective immediately." (*Id.* ¶ 16). EHP acknowledged receipt of Gukasyan's medical leave notice, informed Gukasyan that her access to company documents and files would be removed, turned off her access to electronic data, and requested that Gukasyan make arrangements for returning her computer.

Gukasyan returned the computer "on or about September 30, 2019." (*Id.* ¶ 18). The hard drive of the computer had been "completed deleted of all data," including "factory installed and after-market programs and files, including [EHP's] data, files and information." (*Id.*). "The action and complex processes required to permanently delete the laptop's entire hard drive, required a knowing and intentional act" and was "undertaken after [Gukasyan] went on Medical Leave, when she was no longer authorized to access or utilize the computer, or the data contained on its hard drive." (*Id.* ¶ 20).

Defendant Nelles "conspired with, aided, abetted and assisted [ ] Gukasyan in deleting the data contained on the laptop, destroying software on the laptop and taking data which belongs to [EHP]." (*Id.* ¶ 21). Nelles "is technically savvy, and based on comments made previously by [ ] Gukasyan would have been the person to show how to and assist [ ] Gukasyan in deleting the data on the laptop, including wiping the hard drive clean." (*Id.*). "At no time was [ ] Nelles authorized to access" the computer or its data. (*Id.*).

Defendants deleted the data "with the specific intent to destroy [EHP's] data, insure [sic] that it could not be recovered, prevent a smooth transition of project work, and thereby cause [EHP] injury." (*Id.* ¶ 22). Defendants also "obtained data from the laptop prior to the deletion, by making copies of the data or otherwise storing such data in another electronic medium." (*Id.*). "By destroying the data belonging to [EHP], [ ] Gukasyan breached her contract with [EHP]." (*Id.* ¶ 42).

The lost data includes client lists and leads, as well as two years of research work, the recreation of which required "hundreds of hours" of work. (*Id.* ¶ 24). EHP "expended significant time and resources in an effort to recover and/or investigate the deleted data." (*Id.* ¶ 25). EHP's loss exceeded $5,000 within a one-year period. Gukasyan also failed to return "various materials and physical supplies," "whose replacement costs are estimated to be in excess of $2,000." (*Id.* ¶¶ 26-27).

EHP brings the following claims against Defendants: (1) violation of § 1030(a)(2) of the CFAA against both Defendants; (2) violation of § 1030(a)(4) of the CFAA against both Defendants; (3) violation of § 1030(a)(5)(A) of the CFAA against both Defendants; (4) violation of § 1030(a)(5)(B) and (C) of the CFAA against both Defendants; (5) breach of contract against Gukasyan; (6) conversion against both Defendants; (7) negligence against both Defendants; (8) violation of subsections (c)(1), (c)(2), (c)(4), and (c)(7) of California's Comprehensive Computer Data Access and Fraud Act ("CCDAFA"), Cal. Penal Code § 502, against both Defendants; and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, against both Defendants. EHP seeks compensatory, statutory, and punitive damages, declaratory and injunctive relief, restitution and disgorgement, and attorneys' fees and costs.[1]

## III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to

---

[1] Defendants request incorporation by reference of Exhibits A, B, and C to the Motion to Dismiss. "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id.* The FAC does not necessarily rely on or refer to any of the three documents. The Court denies Defendants' request for incorporation by reference of the exhibits attached to the Motion to Dismiss. Defendants also request incorporation by reference of Exhibits 1 and 2 to their Reply. The Court denies Defendants' request for incorporation by reference of these exhibits because they were not attached to the Motion to Dismiss.

state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)).

## IV.   DISCUSSION
**CFAA Claims**

Plaintiff EHP brings four causes of action under the CFAA, which establishes civil liability for conduct concerning computers that are "used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2). EHP's first claim is for violation of subsection (a)(2), which establishes liability for any person that "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer." *Id.* § 1030(a)(2). The second claim is for violation of subsection (a)(4), which establishes liability for any person that "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than

$5,000 in any 1-year period." *Id.* § 1030(a)(4).  The third claim is for violation of subsection (a)(5)(A), which establishes liability for any person that "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer."  *Id.* § 1030(a)(5)(A).  The fourth claim is for violation of subsections (a)(5)(B) and (C), which establish liability for any person that "intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or [ ] intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss."  *Id.* § 1030(a)(5)(B) and (C).

Defendants contend that each of the causes of action contained in the FAC impermissibly incorporate the FAC's statement of facts common to all causes of action, and that "Defendants should not be forced to guess what facts" support each claim.  (ECF No. 20 at 16).  EHP contends that the use of incorporation by reference of common facts in the FAC's causes of action is permissible.

A complaint's extensive use of incorporation by reference of a common set of facts to several distinct claims may be impermissible if such use makes it difficult for a defendant to identify the factual basis for each claim.  The FAC in this case incorporates its statement of facts common to all causes of action into each claim.  The section of the FAC that states the facts common to all causes of action is approximately five pages in length.  Each claim brought by EHP is related to the same underlying conduct—Defendant's alleged deletion of information contained on the computer issued to Gukasyan.  The Court is unable to conclude that it is difficult for Defendants to understand or respond to EHP's allegations such that dismissal is appropriate.  *See, e.g., TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 20-cv-1708-WGH-BGS, 2021 WL 5396111, at *13 (S.D. Cal, Nov. 18, 2021) (permitting incorporation by reference where claims have a common factual basis).

Plaintiffs' claims against Nelles are premised in part on the theory that he "conspired with, aided, abetted and assisted [ ] Gukasyan in deleting the data on the laptop, destroying software on the laptop and taking data which belongs to [EHP]."  (ECF No. 19 ¶ 21).

Defendants contend that the allegations in the FAC against Nelles are conclusory and speculative, and that Nelles' liability as a co-conspirator is not pled with sufficient factual particularity. EHP contends that the FAC adequately alleges direct and co-conspirator liability for Nelles.

Numerous courts have held that specific allegations of an agreement and common activities are required to plead a conspiracy under the CFAA. *See, e.g., NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 835 (N.D. Cal. 2014); *Cool Runnings Int'l Inc. v. Gonzalez*, No. 21-cv-974-DAD-HBK, 2021 WL 5331453, at *13 (E.D. Cal. Nov. 16, 2021). The FAC's only factual allegations specific to Nelles are: (1) that he "has facility with and is knowledgeable regarding computers" (ECF No. 19 ¶ 12); (2) that he is "technically savvy and [that] based on comments made previously by Defendant Gukasyan, [Nelles] would have been the person to show how to and assist [ ] Gukasyan in deleting the data on the laptop, including wiping the hard drive clean" (*Id.* ¶ 21); and (3) that he was not authorized to access the computer or its data. The FAC provides insufficient factual content beyond a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, to plausibly support a conspiracy theory of liability against Nelles. However, because the FAC also alleges that Nelles directly participated in the deletion of EHP's data, dismissal of the claims against Nelles based solely on EHP's failure to adequately plead the elements of a conspiracy is inappropriate.

Defendants contend that Gukasyan is not liable under the CFAA because she was authorized to access the computer and the information contained within it until her termination. Defendants contend that an employee's use of a computer contrary to the interests of their employer does not violate the CFAA. Defendants contend that the FAC's factual allegations are insufficient to support the CFAA claims brought under 18 U.S.C. § 1030(a)(5)(A)-(C) and that "pressing a 'delete' key" does not qualify as a transmission under 18 U.S.C. § 1030(a)(5)(A). (ECF No. 22 at 6).

EHP contends that Gukasyan's authorization to access the computer was rescinded by its communication with her after Gukasyan informed EHP that she would be on

permanent medical leave. EHP contends that 18 U.S.C. § 1030(a)(5)(A) does not require unauthorized access. EHP contends that it pled sufficient facts to support its CFAA causes of action.

To bring an action under subsections (a)(2) or (a)(4) of the CFAA, the plaintiff must show that the defendant accessed the computer without authorization or exceeding the authorization that was granted. *See* 18 U.S.C. § 1030(a)(2) and (4); *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009). Subsections (a)(5)(B) and (C) require access without authorization. *See* 18 U.S.C. § 1030(a)(5)(B) and (C). Under the CFAA, "an employer gives an employee 'authorization' to access a company computer when the employer gives the employee permission to use it." *LVRC Holdings*, 581 F.3d at 1133. "[W]hen an employer authorizes an employee to use a company computer subject to certain limitations, the employee remains authorized to use the computer even if the employee violates those limitations" or "resolves to use the computer contrary to the employer's interest." *Id.* "[A] person who 'intentionally accesses a computer without authorization[]' accesses a computer without any permission at all, while a person who 'exceeds authorized access[]' has permission to access the computer, but accesses information on the computer that the person is not entitled to access." *Id.* (quoting 18 U.S.C. § 1030(a)(2) and (4)) (citations omitted).

The FAC alleges that Defendant Gukasyan was employed by EHP and was "issued a laptop computer to assist her in performing her job duties." (ECF No. 19 ¶ 13). The FAC alleges that "[o]n or around September 18, 2019, [ ] Gukasyan was informed that she would be terminated as of September 27, 2019" (*Id.* ¶ 15). The FAC alleges that EHP notified Gukasyan that "she was not authorized to copy, delete or otherwise tamper with electronic information belonging to [EHP]." (*Id.*). The FAC alleges that "[o]n or about September 23, 2019, [ ] Gukasyan informed [EHP] that she was taking a permanent medical leave of absence, effective immediately." (*Id.* ¶ 16). The FAC alleges that EHP acknowledged receipt of Gukasyan's medical leave notice, informed Gukasyan that her access to company documents and files would be removed, turned off her access to

electronic data, and requested that Gukasyan make arrangements for returning the computer. The FAC alleges that "[a]t no time was [ ] Nelles authorized to access" the computer or its data. (*Id.* ¶ 21). The FAC alleges that Defendants permanently deleted the contents of the computer's hard drive "after [Gukasyan] went on Medical Leave . . . ." (*Id.* ¶ 20).

The FAC's allegations support a "common sense" inference that EHP rescinded permission for Gukasyan to access the computer prior to her termination when EHP acknowledged receipt of Gukasyan's notice, informed Gukasyan that her access to company documents and files would be removed, turned off her access to electronic data, and requested that Gukasyan make arrangements for returning the computer. *United States v. Nosal*, 844 F.3d 1024, 1029 (9th Cir. 2016) (stating that authorization for an employee was withdrawn when "the company revoked his computer access credentials, even though he remained for a time as a contractor"); s*ee Erhart v. BofI Holding, Inc.*, 387 F. Supp. 3d 1046, 1059 (S.D. Cal. 2019) ("Although Erhart may have initially had authorization to use his company-issued laptop, BofI alleges it informed Erhart that it had not, and would not, authorize him to keep physical possession of his BofI issued-laptop during his leave of absence. The Bank also repeatedly requested the return of Erhart's BofI issued-laptop for safekeeping while he was on a leave of absence. BofI therefore allegedly rescinded permission to access the computer, making Erhart's future use unauthorized." (quotations and citations omitted)). The FAC alleges sufficient facts to support an inference that at the time Defendants allegedly deleted the contents of the computer's hard drive, neither Defendant was authorized to access the computer.

Subsection (a)(5)(A) of the CFAA requires a knowing transmission "of a program, information, code, or command" that intentionally causes damage without authorization. 18 U.S.C. § 1030(a)(5)(A). Unlike the other provisions of the CFAA at issue in this case, there is no requirement that the defendant access the computer. The FAC alleges that Defendants deleted the data on the computer "with the specific intent to destroy [EHP's] data, insure [sic] that it could not be recovered, prevent a smooth transition of project work,

and thereby cause [EHP] injury." (ECF No. 19 ¶ 22). Deletion of data on a computer involves the transmission of a program, information, code, or command to the computer. The FAC adequately alleges facts to support an inference that Defendants acted knowingly and intentionally, and transmitted a program, information, code, or command to the computer.

Defendants contend that the FAC fails to adequately allege a damage or loss and that there was no damage or loss because data and work product was not stored on the computer's hard drive. EHP contends that it pled sufficient facts to support its allegations of damage or loss. EHP contends that factual disputes are inappropriate for resolution on a motion to dismiss.

The CFAA provides that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). Under the CFAA, damage is defined as "any impairment to the integrity or availability of data, a program, a system, or information." *Id.* § 1030(e)(8). Loss is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *Id.* § 1030(e)(11). The conduct must involve "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value."[2] *Id.* § 1030(c)(4)(A)(i)(I). Damages are limited to economic damages. *See id.* § 1030(g).

The FAC alleges that the hard drive of the computer had been "completed deleted of all data," including "factory installed and after-market programs and files, including

---

[2] The CFAA provides that "[a] civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." *Id.* § 1030(g). Subclauses II-V are not applicable to the facts alleged in this case.

[EHP's] data, files and information." (ECF No. 19 ¶ 18). The FAC alleges that the deleted data included client lists and leads, as well as two years of research work, the recreation of which required "hundreds of hours" of work. (*Id.* ¶ 24). The FAC alleges that EHP also "expended significant time and resources in an effort to recover and/or investigate the deleted data." (*Id.* ¶ 25). The FAC alleges that EHP's loss exceeded $5,000 within a one-year period. These factual allegations are sufficient to support an inference that EHP's data and programs were impaired and that such impairment resulted in costs to EHP in excess of $5,000. Defendants' contention that the data was not destroyed because it was not located on the computer's hard drive raises a factual dispute not appropriate for resolution on a motion to dismiss. The Motion to Dismiss as to EHP's CFAA claims is denied.

**CCDAFA Claim**

The FAC brings a claim for violation of four provisions of the CCDAFA. Defendants contend that this claim should be dismissed "for the same reasons" as the CFAA claims. (ECF No. 20 at 24). Defendants' Motion to Dismiss the CCDAFA claim is denied.

**Breach of Written Contract**

Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Gukasyan contends that EHP fails to plead that a contract existed or was breached because "[a] contract was not attached to the FAC, nor did Plaintiff plead the material terms of the contract in the FAC, or the provision of the contract [ ] Gukasyan allegedly breached." (ECF No. 20 at 21). EHP contends that the contract is the Employment Handbook that Gukasyan signed, and that the FAC alleges the material portions of the handbook. EHP contends that its ownership of the data on the computer is also required by statute, and that "[a] contract is not necessary to make this so." (ECF No. 21 at 19). Gukasyan responds that the handbook is not a contract.

In an action for breach of a written contract, the plaintiff must allege the provision of the contract which supports their claim. *See Miron v. Herbalife Int'l, Inc.*, 11 Fed. Appx. 927, 929 (9th Cir. 2001). This does not require that the plaintiff attach the contract to the complaint or recite the contract's terms verbatim. *See Misha Consulting Grp., Inc. v. Core Educ. and Consulting Sols., Inc.*, No. C-13-4262-RMW, 2013 WL 6073362, at *1 (N.D. Cal. Nov. 15, 2013) (stating that most district courts have come to the same conclusion). The FAC alleges that "Gukasyan expressly agreed in writing that all work performed, and work product created as an employee of Elevation Health Partners, belonged to the company" and that "by destroying the data belonging to [EHP], [ ] Gukasyan breached her contract with [EHP]." (ECF No. 19 ¶¶ 41-42). The FAC alleges facts to support the existence of a contract.

The sole contractual term described in the FAC establishes EHP's ownership of the computer's data. However, it does not impose an obligation on Gukasyan to refrain from deleting EHP's data. As a result, the FAC's factual allegations do not support an inference that the alleged contract was breached. The Motion to Dismiss as to EHP's claim for breach of written contract is granted.

**Conversion**

The elements of conversion are (1) a plaintiff's ownership or right to possession of personal property; (2) a defendant's disposition of property in a manner inconsistent with the plaintiff's rights, and (3) damages. *See Voris v. Lampert*, 7 Cal. 5th 1141, 1150 (2019). Defendants contends that the FAC does not differentiate between tangible and intangible property and fails to allege any identifiable personal property to which EHP has a right of ownership. EHP contends that California law provides that EHP owns the data on the computer and that a plaintiff "need not separate out personal property, as conversion in fact applies to both intangible and tangible property." (ECF No. 21 at 20).

The FAC alleges that the computer's hard drive contained "numerous sensitive files and data belonging to [EHP]," including client lists and contact information, research, scripts, exercises, trainings, and other work product. (ECF No. 19 ¶ 14). The FAC alleges

that Defendants injured EHP by intentionally deleting data contained on the computer's hard drive. The FAC alleges that EHP's loss exceeded $5,000 within a one-year period and that Gukasyan also failed to return "various materials and physical supplies," "whose replacement costs are estimated to be in excess of $2,000." (*Id.* ¶¶ 26-27).

Under California law, "[e]verything which an employee acquires by virtue of his employment, except the compensation which is due to him from his employer, belongs to the employer, whether acquired lawfully or unlawfully, or during or after the expiration of the term of his employment." Cal. Lab. Code § 2860. Conversion can encompass claims regarding intangible interests. *See Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 213 (2014); *Erhart*, 387 F. Supp. 3d at 1060. The factual allegations support an inference that EHP owned the physical materials and supplies, as well as the data contained on the computer's hard drive, and that Defendants' destruction and withholding of EHP's property injured EHP. The Motion to Dismiss as to EHP's claim for conversion is denied.

**Negligence**

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal. 4th 666, 673 (1993). Defendants contend that the FAC fails to allege facts that establish the elements of a negligence claim, including the existence of a duty. EHP contends that the FAC states a claim for negligence and that its negligence claim is supported by California Labor Code Section 2865. Defendants respond that the Labor Code section cited by EHP provides an employer with a right to indemnity, and is not applicable to this case.

"Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights." Cal. Civ. Code § 1708. Defendants had a duty to not delete EHP's data. The FAC alleges that Defendants injured EHP by intentionally deleting EHP's data. This factual allegation supports an inference

that Defendants breached their duty, causing injury to EHP. The Motion to Dismiss as to EHP's negligence claim is denied.

**UCL Claim**

California's Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002). "Because Business & Professions Code § 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A practice is "unlawful" if it violates other laws. *Kasky*, 27 Cal. 4th at 949 (2002). A practice is "fraudulent" if "members of the public are likely to be deceived." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). The "unfair" prong of the UCL prohibits "practice[s] [that] may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech Commc'ns*, 20 Cal. 4th at 180.

Defendants contend that the UCL claim should be dismissed for a lack of factual basis and because it is predicated on other improperly pled claims. Defendants contend that the UCL is not applicable because the parties are not business competitors. EHP contends that Defendants' actions were unfair and that the FAC alleges numerous illegal or unfair business practices that can serve as predicates for an unlawful-prong UCL claim.

The Court has determined that the FAC states claims for multiple violations of federal and California state law that may serve as predicates for an unlawful-prong UCL claim. The dispute in this case is related to the commercial activities of EHP that Gukasyan was employed to perform and that were allegedly impaired by Defendants' conduct. *See Erhart*, 387 F. Supp. 3d 1059-60 (describing how a similar CFAA claim could serve as a predicate for a UCL violation); *cf. That v. Alders Maint. Assn.*, 206 Cal. App. 4th 1419, 1427 ("A[] [homeowners] association does not participate as a business in the commercial market, much less compete in it. The dispute here is not related to any activity that might

be deemed in the least bit commercial. Indeed, it is solely related to the conduct of association elections . . . . We do not foreclose entirely the notion that the UCL could apply to an association. If, for example, an association decided to sell products or services . . ., it might be liable for such acts under the UCL."). Defendants' alleged conduct is plausibly actionable under the unlawful prong of the UCL.[3] The Motion to Dismiss as to EHP's UCL claim is denied.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss the FAC (ECF No. 20) filed by Defendants Stella Gukasyan and Marc Nelles is granted in part and denied in part. The motion is granted as to the breach of contract claim against Defendant Stella Gukasyan and is otherwise denied. No later than thirty (30) days from the date of this Order, Plaintiff Elevation Point 2 Inc. dba Elevation Health Partners may file any motion for leave to amend.

Dated: February 3, 2022

Hon. William Q. Hayes
United States District Court

---

[3] The Court does not reach the UCL's unfair or fraudulent prongs.